### No. 6968.

### JAMES LUSK VS. SUCCESSION OF W. M. BENTON.

One administrator of a succession is not estopped by mistaken admissions in the pleadings of a suit made by a preceding administrator.

The district court is utterly without jurisdiction of a suit by parties against the succession of their former tutor, then under administration in the parish court.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough*, J.

*Montgomery & Deloney* for plaintiff and appellee.

*J. W. Montgomery* for defendant and appellant.

The opinion of the court was delivered by

DEBLANC, J. In 1853, on the 9th of April, Mary C. Lusk wrote her last will, and—by that will—left in charge of one Robert C. Gayle, her minor children and the administration of the property which, soon after, they inherited from her. Gayle was appointed as tutor of those children on the 12th of July 1853. The inventory of their parents' estates amounted—including the value of the slaves—to $11,601.70.

From the uncontradicted evidence adduced on the trial of this cause, Gayle disregarded the last wishes of Mrs. Lusk. In her testament, she expressly recommended that her children should receive a good education, and—whilst under the care of the executor of their mother's will— they attended during three months of the year the schools of the

neighborhood, and the balance of the time they worked in their tutor's field, and were clothed and treated as slaves. Gayle converted to his own use the personal property and assets of his wards. When they left Gayle, James—the plaintiff—and Squire, his brother—had, between them, three mules valued each at fifty dollars.

Gayle died without having rendered an account either as executor or as tutor, and—on the 24th of April 1870, James and Squire Lusk filed in the district court for the parish of Carroll, a suit against his succession, in which they claimed as due to them by the deceased, as their tutor, the sum of ten thousand dollars. That suit was tried without opposition, and they obtained against said succession a judgment for $5495. That judgment was signed on the 5th of December 1870, and therein their legal mortgage is recognized as having taken effect and bearing on their tutor's property since the first of May 1853. At the date of said judgment, James Lusk was twenty-four years of age, and Squire younger. The latter twice sold his interest in said judgment; to his brother, on the 1st of November 1871; and, in that year, without mention of either the day or the month, to Warren M. Benton. Of these two transfers, not one was recorded.

On the 30th of January 1864, Robert C. Gayle, who—in 1853—had been appointed as tutor to James and Squire Lusk, sold to said Benton the plantation described in plaintiff's petition, and the succession of Gayle being insolvent, plaintiff seeks to subject the plantation thus sold to the satisfaction of his and his brother's legal mortgage, which—he alleges—has been duly recorded.

Benton is dead. In answer to plaintiff's demand, the first administrator of his succession admits that the deceased purchased from Gayle the plantation already referred to, but avers that he did so in good faith, without notice of the claim of James and Squire Lusk, and specially denies that any evidence of that disputed claim was ever recorded.

He also contends that—if it was recorded—the deceased has purchased from Squire Lusk, for one thousand dollars, his and his brother's interest in the judgment which the latter is attempting to enforce against the property of said deceased's succession, and that the transfer of that interest, if null as to James, is binding as to Squire. That, besides, plaintiff's demand is fraudulent and collusive.

In a supplemental and amended answer, the last administrator of Benton's succession contends:

1. That the judgment of the 5th of December 1870, which is the foundation of this suit, was rendered by a court having no jurisdiction of the matter in dispute and is an absolute nullity.

2. That when—in 1870—they sued the succession of their tutor, James and Squire Lusk were both over thirty years of age, and that

their claim and mortgage—if any they had—were then barred by prescription and extinguished by peremption.

3. That said judgment was obtained by fraud and collusion with the administratrix of the succession of Gayle.

To the filing of the amended answer, plaintiff's counsel objected, on the ground that it raised new issues and contradicted the original answer, in which one of the administrators of the succession of Benton has claimed, as belonging to it, the judgment assailed as an absolute nullity by the last and amended answer. Plaintiff's objection was overruled and he excepted.

In December last, plaintiff's demand against the succession of Benton was allowed, and the plantation bought by said deceased from Gayle ordered to be sold to satisfy said demand. From that decree, the administrator has appealed.

The amended answer was properly admitted, and for one reason: plaintiff contests the reality of the apparent transfer to Benton of his brother's interest in the judgment of the 5th of December 1870, and claims himself the very same interest, under a sale from his brother to him. By the decree appealed from, he alone is recognized as the transferree and owner of the whole of said judgment, and the last administrator of Benton's succession was not bound by any mistaken admission of his predecessor, and by the fact that the latter attached to his answer a document, the recitals in which were not substantiated, and which may have been but the form, the *projet* of a transfer.

It is evident that the district court had no jurisdiction of the suit of James and Squire Lusk against the succession of their tutor, for what he owed them in that capacity; and that they should have proceeded in the parish Court against the administratrix of said succession, to compel her—as such—to file an account of the tutorship of Gayle. It is only in that jurisdiction that his liability as tutor can be ascertained and fixed. C. P. 998; 29 A.

In the suit of James and Squire Lusk against the succession of Gayle, mention is made in the statement of facts that a certificate from the Recorder showing the registry of the evidence of their legal mortgage against their tutor, was offered and received on the trial—Besides, it does not appear that the rights and actions of plaintiff are barred by prescription, and they seem so legitimate that we are not disposed to conclude him by our decree.

It is therefore ordered that the judgment appealed from is annulled and reversed, and this case dismissed at plaintiff's costs in both Courts.

It is further ordered that plaintiff's right to institute new proceedings against the succession of Robert C. Gayle and Warren M. Benton, is specially reserved.